**SIMPSON THACHER & BARTLETT LLP**
HENRY B. GUTMAN (*Admitted Pro Hac Vice*)
hgutman@stblaw.com
NOAH M. LEIBOWITZ (*Admitted Pro Hac Vice*)
nleibowitz@stblaw.com
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

HARRISON J. FRAHN IV (#206844)
hfrahn@stblaw.com
2550 Hanover Street
Palo Alto, CA 94304
Telephone:(650) 251-5000
Facsimile: (650) 251-5002

Attorneys for Plaintiff and Counter-Defendant
HUMAN GENOME SCIENCES, INC.

*COUNSEL CONTINUED ON NEXT PAGE*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| HUMAN GENOME SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH, INC. and CITY OF HOPE, <br><br> Defendants. | Case Nos. 2:11-cv-06519, 2:11-cv-6594, 2:11-cv-3065-MRP (JEMx) <br><br> **JOINT SUBMISSION REGARDING SCHEDULING** <br><br> **Judge: Hon. Mariana R. Pfaelzer** <br> **Ctrm: 12** |
| GENENTECH, INC. and CITY OF HOPE, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and HUMAN GENOME SCIENCES, INC., <br><br> Counter-Defendants. | |

| | | |
|---|---|---|
| 1 | | |
| 2 | **MAYER BROWN LLP**<br>ELIZABETH MANN | **DURIE TANGRI LLP**<br>DARALYN J. DURIE (SBN 169825) |
| 3 | emann@mayerbrown.com<br>350 South Grand Avenue, 25th Floor | ddurie@durietangri.com<br>MARK A. LEMLEY (SBN 155830) |
| 4 | Los Angeles, CA  90071-1503<br>Telephone:   (213) 229-9500 | mlemley@durietangri.com<br>217 Leidesdorff Street |
| 5 | Facsimile:    (213) 625-0248 | San Francisco, CA  94111<br>Telephone: (415) 362-6666 |
| 6 | LISA M. FERRI (*pro hac vice*)<br>LFerri@mayerbrown.com | Facsimile: (415) 236-6300 |
| 7 | BRIAN W. NOLAN (*pro hac vice*)<br>BNolan@mayerbrown.com | **PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP** |
| 8 | RICHARD J. MCCORMICK (*pro hac vice*) | KENNETH A. GALLO (*pro hac vice*)<br>kgallo@paulweiss.com |
| 9 | RMccormick@mayerbrown.com<br>1675 Broadway | 2001 K. Street,. NW<br>Washington, DC 20006 |
| 10 | New York, NY  10019-5820<br>Telephone:   (212) 506-2500 | Telephone: (202) 223-7300<br>Facsimile: (202) 223-7420 |
| 11 | Facsimile:    (212) 262-1910 | |
| 12 | Attorneys for GLAXO GROUP<br>LIMITED and GLAXOSMITHKLINE | ERIC ALAN STONE (*pro hac vice*)<br>estone@paulweiss.com |
| 13 | LLC | 1285 Avenue of the Americas<br>New York, NY 10019-6064 |
| 14 | | Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990 |
| 15 | | Attorneys for GENENTECH, INC. and<br>CITY OF HOPE |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**JOINT SUBMISSION REGARDING SCHEDULING**

Plaintiffs and Counter-Defendants Human Genome Sciences, Inc. ("HGS"), Defendants and Counter-Plaintiffs Genentech, Inc. ("Genentech") and City of Hope, and Counter-Defendants Glaxo Group Limited and GlaxoSmithKline LLC (together, "GSK") make the following joint submission to this Court:

At the March 29, 2012 telephonic status conference, the Court directed the parties to confer and submit either an agreed-upon schedule or a statement of their divergent positions regarding the schedule. The parties have conferred and, as set forth below, have agreed on certain dates but have been unable to reach agreement on the remaining pre-trial schedule. For the convenience of the Court, we are jointly submitting this statement of our respective positions.

**I.    Agreed Dates**

The parties have agreed on the following dates. Accordingly, if the Court is amenable to these dates, the parties respectfully submit that they shall be so ordered.

| Stays lifted | April 27, 2012 |
|---|---|
| Rule 26(f) conference | April 30, 2012 |
| Rule 26(f) Report and Rule 26(a)(1) Initial Disclosures | May 14, 2012 |
| Defendants' Infringement Contentions[1] | June 13, 2012 |

**II.    Submission by Genentech and City of Hope**

HGS's schedule is acceptable to Genentech and City of Hope if it is acceptable to the Court.

---

[1] The parties have agreed to adopt the Northern District of California's Patent Local Rules 3-1–3-6 to govern the form and substance of the parties' contentions and accompanying document production, and Patent Local Rules 4-1–4-7 to govern the form and substance of the parties' claim construction disclosures and briefing.

Genentech and City of Hope, however, understood the Court to have expressed a desire to have the cases proceed more rapidly. If the Court desires a faster schedule, then Genentech and City of Hope would propose the schedule below:

| Event | Date |
|---|---|
| Plaintiffs' Invalidity Contentions | June 29, 2012 |
| Exchange of Claim Terms to be Construed | July 13, 2012 |
| Court-Requested Benlysta Tutorial | July 24, 2012, or such other date as the Court sets |
| Exchange of Proposed Constructions of Claim Terms and Identification of Extrinsic Evidence to be Relied Upon | July 27, 2012 |
| Joint Claim Construction and Prehearing Statement | August 10, 2012 |
| Opening *Markman* Briefs | August 24, 2012 |
| Responsive *Markman* Briefs | September 14, 2012 |
| Reply *Markman* Briefs | September 21, 2012 |
| *Markman* Hearing | Week of September 24 or October 1, at the Court's convenience |
| Amendment of Pleadings and Joinder of New Parties | October 5, 2012 |
| Completion of Fact Discovery | January 25, 2013 |
| Opening Expert Reports on Issues as to which Party Bears the Burden of Proof | February 8, 2013 |
| Responsive Expert Reports | March 8, 2013 |
| Rebuttal Expert Reports | March 29, 2013 |
| Completion of Expert Discovery | May 3, 2013 |
| Pretrial Motions | L.R. 16-2 requirements: May 29, 2013 |
|  | L.R. 16-4 through 16-6 requirements: June 10, 2013 |
| Pretrial Submissions and Stipulations | June 20, 2013 |
| Pretrial Hearing | July 1, 2013 |

JOINT SUBMISSION REGARDING SCHEDULING
CASE NOS. 2:11-CV-06519, 2:11-CV-6594, 2:11-CV-3065-MRP (JEMX)

Trial                                                                                           July 8, 2013

### III.  Submission by HGS

Genentech, City of Hope and GSK have indicated that they do not oppose HGS's proposed schedule.  HGS's proposed schedule is eminently reasonable for the following reasons, as reflected by the fact that Genentech and City of Hope find it acceptable:

*First*, there are two patents in suit in the instant actions—the Cabilly II and the Cabilly III patents—one of which has never before been asserted or challenged in litigation.

The Cabilly II patent issued after 18 years of prosecution, including a decade-long interference.  The Cabilly II patent has since been involved in several litigations as well as a reexamination proceeding.  Each of these proceedings involved significant expert and fact submissions, briefing, depositions and extensive discovery.  While HGS recognizes that the Court, Genentech and GSK, have familiarity with the prior Cabilly II proceedings, HGS has had no access to the non-public discovery taken or submissions made in the prior proceedings, many of which remain under seal.

The Cabilly III patent also had a lengthy prosecution history as well as an interference proceeding, which extended through an appeal at the Federal Circuit.  This patent has never before been litigated and will require significant discovery in addition to that relevant to the Cabilly II patent.  Neither HGS nor GSK has received any discovery on the Cabilly III patent to date.

*Second*, the discovery burdens on HGS are expected to be significant.  Benlysta® has been a major focus of HGS's development efforts for at least the last eleven years.  Genentech has not provided any indication as to which claims of either the Cabilly II or Cabilly III patents it believes are infringed by Benlysta®.  Accordingly, HGS has not yet begun in earnest its effort to collect and review documents for production in these actions.

1       *Third*, mindful of the Court's desire to proceed expeditiously, HGS's
2  proposed schedule is commensurate with, and in some respects substantially ***shorter***
3  than, the schedule that Genentech and City of Hope agreed to and the Court ordered
4  in the Cabilly II Arzerra® case. For example, fact discovery in the Cabilly II
5  Arzerra® case closed slightly under a year after Genentech and City of Hope served
6  Infringement Contentions. Under HGS's proposed schedule, fact discovery will
7  close approximately nine months after Genentech and City of Hope serve
8  Infringement Contentions in these cases. Further, the Cabilly II Arzerra® case
9  involved extended summary judgment briefing, which resulted in numerous
10 schedule extensions. Under HGS's proposed schedule these cases will be trial-ready
11 in under 18 months.
12      In contrast, Genentech and City of Hope's proposed schedule is
13 unrealistic. Genentech and City of Hope propose a fact discovery cutoff in just
14 seven months—almost five months less than the time actually taken for discovery in
15 the Cabilly II Arzerra® case. HGS respectfully submits that there is no reason to
16 believe that the parties can complete discovery in the instant cases (which include
17 the additional Cabilly III patent) nearly five months faster than the parties to the
18 Cabilly II Arzerra® case required.
19      Further, Genentech and City of Hope's proposed schedule compresses
20 the time for HGS's Invalidity Contentions and the schedule for claim construction
21 submissions beyond what the Northern District of California Patent Local Rules
22 provide, and truncates the time between the close of fact discovery and the
23 submission of opening expert reports to an extent that is likely to result in a joint
24 request for an extension of time as the date approaches.
25      Keeping in mind the Court's expressed desire to move these cases
26 forward expeditiously, HGS proposes the following schedule:

| **Event** | **HGS Proposed Date** |
| --- | --- |

| | |
|---|---|
| Plaintiffs' Invalidity Contentions and Responsive Non-infringement Contentions | July 27, 2012 |
| Exchange of Claim Terms to be Construed | August 10, 2012 |
| Exchange of Proposed Constructions of Claim Terms and Identification of Extrinsic Evidence to be Relied Upon | August 31, 2012 |
| Joint Claim Construction and Prehearing Statement | September 14, 2012 |
| Court-Requested Benlysta® Tutorial | Week of September 24, at the Court's convenience |
| Opening *Markman* Briefs | November 1, 2012 |
| Responsive *Markman* Briefs | December 3, 2012 |
| Reply *Markman* Briefs | December 21, 2012 |
| *Markman* Hearing | January 2013, at the Court's convenience |
| Amendment of Pleadings and Joinder of New Parties | January 31, 2013 |
| Completion of Fact Discovery | March 29, 2013 |
| Opening Expert Reports on Issues as to which Party Bears the Burden of Proof | May 3, 2013 |
| Responsive Expert Reports | June 7, 2013 |
| Rebuttal Expert Reports | June 28, 2013 |
| Completion of Expert Discovery | August 2, 2013 |
| Pretrial Motions | L.R. 16-2 requirements: August 21, 2013<br><br>L.R. 16-4 through 16-6 requirements: September 9, 2013 |
| Pretrial Submissions and Stipulations | September 19, 2013 |

| Pretrial Hearing | Week of September 30, 2012 |
|---|---|
| Trial | October 7, 2013 |

Genentech and City of Hope do not object to the schedule proposed by HGS, which is a reasonable one given the scope and complexity of this group of patent cases. Any shorter schedule would substantially compromise HGS's ability to prepare these actions for trial. Accordingly, if the Court is amenable to HGS's proposed schedule, it should govern. HGS respectfully requests to be heard on the matter of the schedule by teleconference at the Court's convenience.

### III.  Submission by GSK

The discovery that GSK requires of Genentech and City of Hope and that it must produce can be accomplished in the schedule proposed by HGS. Therefore, GSK concurs with HGS's proposed schedule.[2]

### IV.  Conclusion

All of the parties are available to discuss any of the above issues, at the Court's convenience.

---

[2] Although the parties have not set out dates for summary judgment briefing in either the agreed-upon schedule or their respective proposed schedules, the parties agree that nothing in this submission precludes a party from moving for summary judgment.

| | |
|---|---|
| DATED: APRIL 19, 2012 | **SIMPSON THACHER & BARTLETT** |
| | By:   /s/ Harrison J. Frahn IV |
| | Harrison J. Frahn IV |
| | Attorneys for Plaintiffs and Counter-Defendants Human Genome Sciences, Inc. |
| | **MAYER BROWN LLP** |
| | By:   /s/ Lisa M. Ferri |
| | Lisa M. Ferri |
| | Attorneys for Counter-Defendants Glaxo Group Limited and GlaxoSmithKline LLP |
| | **DURIE TANGRI** |
| | By:   /s/ Daralyn J. Durie |
| | Daralyn J. Durie |
| | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | By:   /s/ Kenneth A. Gallo |
| | Kenneth A. Gallo |
| | Attorneys for Defendants and Counter-Plaintiffs Genentech, Inc. and City of Hope |